UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER R. PHILLIPS,

                    Plaintiff,

          -against-

MATTRESS FIRM; KIA WILLIAMS

                    Defendants.

23-CV-9134 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action on the court's general complaint

form, invoking the court's federal question jurisdiction, alleging that Defendants committed

"white collar crimes" and bribery. By order dated October 20, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of

the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, arising from events beginning in February 2022. Plaintiff, a "black 29 year old male," worked in sales at the Mattress Firm showroom in Union Square in Manhattan, until his manager "lied about [his] behavior in order to fire him under 'gross misconduct.'" (ECF 1 ¶ III.) Specifically, the manager falsely accused Plaintiff of violating the dress code, and also of "caus[ing] a scene" and "turn[ing] the store upside down" on President's Day. (*Id.* at 1-1.) Plaintiff was then "introduced to the legal team," which was led by Director of Litigation Kia Williams, at which time he was "given a bribery agreement of $9,500 and $15,000." (*Id.*) The agreement, an unsigned copy of which is attached to the complaint (ECF 1-6), required Plaintiff to accept full responsibility for what occurred. The

settlement process was, according to Plaintiff, rushed, manipulative, and deceitful. (ECF 1-3.) It appears that Plaintiff may have consulted with an attorney during the settlement process. (*Id.* at 12.)

Plaintiff alleges that his firing for cause prevented him from obtaining unemployment benefits, and that he suffered mental distress, for which he seeks money damages. (*Id.* ¶ IV.)

**DISCUSSION**

**A.    Constitutional claims under 42 U.S.C. § 1983**

Because Plaintiff invokes the court's federal question jurisdiction, and alleges that Defendants violated his federally protected rights, the court construes his claims as arising under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Mattress Firm and Kia Williams are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under section 1983.

Furthermore, Plaintiff's assertions that Defendants committed bribery and other "white collar crimes" do not give rise to a viable federal claim. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor."

*Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct

prosecutors to initiate a criminal proceeding against the defendants because prosecutors possess

discretionary authority to bring criminal actions and they are "immune from control or

interference by citizen or court[.]." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81,

87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution

of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for

lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal investigation

and prosecution of any the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*,

683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has

no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation

omitted).

**B.      Employment discrimination claims under Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981**

Plaintiff states that he is Black, but it is not clear from the complaint whether he seeks to

assert a race discrimination claim. As discussed below, there are two potential claims Plaintiff

could arguably assert, should there be sufficient facts to support them.

1.      Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . .

to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Title VII prohibits employers from mistreating an individual because of the individual's

protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against

an employee who has opposed any practice made unlawful by those statutes, *see Crawford v.*

4

*Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Title VII does not provide for claims against individual employees. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Moreover, a plaintiff proceeding under Title VII must commence a civil action within ninety days of receipt of notice of dismissal or termination of proceedings by the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). The law requires that a plaintiff making an employment discrimination claim must exhaust their administrative remedies with the EEOC by filing a charge of discrimination within 300 days. 29 U.S.C. § 626(d)(1); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328-29 (2d Cir. 1999). The filing of a timely charge with the EEOC and the issuance of a "right to sue" letter or notice by the EEOC are conditions precedent to the filing of a civil action in federal court. 29 U.S.C. § 626(e). Although Plaintiff is not required to plead and prove that he has met these requirements, *see*

*Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486 (2d Cir. 2018) (holding that

administrative exhaustion under Title VII is an affirmative defense and not a pleading

requirement), a defendant may raise failure to exhaust as a defense that precludes relief on a

complaint that states an otherwise viable federal discrimination claim.

Plaintiff identifies himself as being Black, but he provides no facts suggesting that his

former employer discriminated against him based on his race, and it is not clear that Plaintiff

wishes to pursue a Title VII claim. Moreover, Plaintiff does not indicate whether he has done

anything to pursue claims under Title VII, including the exhaustion of his administrative

remedies.

The Court grants Plaintiff leave to file an amended complaint to allege a race

discrimination claim against his employer under Title VII, should he wish to do so. Because Title

VII does not provide for individual liability, Plaintiff cannot state a Title VII claim against

Defendant Williams. If Plaintiff has exhausted his administrative remedies with the EEOC, he

should complete the relevant section on the amended complaint form, which includes questions

addressing administrative remedy exhaustion.

2.      Section 1981

Section 1981 of Title 42 prohibits racial discrimination in, among other things, all

contractual relationships, including the relationships associated with employment contracts.[1] *See*

---

[1] Section 1981 states, in relevant part:

(a) . . . All persons within the jurisdiction of the United States shall have the same
right in every State and Territory to make and enforce contracts, to sue, be parties,
give evidence, and to the full and equal benefit of all laws and proceedings for the
security of persons and property as is enjoyed by white citizens, and shall be
subject to like punishment, pains, penalties, taxes, licenses, and exactions of every
kind, and to no other.
(b) . . . For purposes of this section, the term "make and enforce contracts"
includes the making, performance, modification, and termination of contracts, and

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). Unlike in cases brought under Title VII, there is no administrative-exhaustion requirement for claims brought under Section 1981, *see Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975), and section 1981 allows for individual liability. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000).

The absence of any facts suggesting a connection between Plaintiff's race and his firing renders his pleading deficient with respect to any section 1981 claim Plaintiff may seek to bring. Accordingly, Plaintiff is granted leave to file an amended complaint to assert a section 1981 claim, should he wish to do so, and to provide facts showing that Defendants discriminated against him on the basis of his race.

## C.     State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).[2]

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law

---

the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(a), (b).

[2] There are no allegations in the complaint suggesting that the Court has diversity jurisdiction of this matter. *See* 28 U.S.C. § 1332 (providing that to establish jurisdiction under section 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states, and that the claim is in excess of the sum or value of $75,000.00.

claims he may be asserting.[3] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d

Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'"

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the

Court grants Plaintiff 60 days' leave to amend his complaint to clarify whether he seeks to assert

federal claims under Title VII or Section 1981, or any state-law claims, and to provide facts to

support those claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

---

[3] The Court notes that the allegations in the complaint do not suggest any claims arising under state law. Should Plaintiff seek to assert state law claims, he must identify what those claims are, and provide facts to support them.

in deciding whether the amended complaint states a claim for relief. That information should

include:

    a)   the names and titles of all relevant people;

    b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)   a description of the injuries Plaintiff suffered; and

    d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

### REFERRAL TO NYLAG

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party

through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this

order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-9134 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 5, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    _____

                Name

                _____

                Address where defendant may be served

                _____

                County, City                  State              Zip Code

Defendant 2:    _____

                Name

                _____

                Address where defendant may be served

                _____

                County, City                  State              Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                        State                 Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                        State                 Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.     STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☐  did not promote me

- ☐  did not accommodate my disability

- ☐  provided me with terms and conditions of employment different from those of similar employees

- ☐  retaliated against me

- ☐  harassed me or created a hostile work environment

- ☐  other (specify): _____

    _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.     ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☐   Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?     _____

    ☐   No

Have you received a Notice of Right to Sue from the EEOC?

    ☐   Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?     _____

        When did you receive the Notice?     _____

    ☐   No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐   direct the defendant to hire me

    ☐   direct the defendant to re-employ me

    ☐   direct the defendant to promote me

    ☐   direct the defendant to reasonably accommodate my religion

    ☐   direct the defendant to reasonably accommodate my disability

    ☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address               City               State               Zip Code

_____
Telephone Number               E-mail Address

_____
Date               Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

